UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER CAMPOS,**<br><br>                    Plaintiff,<br><br>    vs.<br><br>**PREMISE HEALTH, et al.,**<br><br>                    Defendants. | **2:21-CV-12506-TGB-EAS**<br><br>**ORDER GRANTING OMERS DEFENDANTS' MOTION TO DISMISS;**<br><br>**AND DISMISSING OMERS DEFENDANTS' MOTION TO STAY AS MOOT**<br><br>**(ECF NOS. 25, 36)** |

Plaintiff Jennifer Campos has sued Defendants Premise Health, CareHere, OMERS, and several other related entities alleging sex discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"). In her amended complaint, Campos added Defendants "OMERS" and "OMERS Private Equity." Plaintiff's Amended Complaint, ECF No. 17, PageID.356. The OMERS Defendants now move to dismiss the amended complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1] For the reasons detailed below, OMERS

---

[1] OMERS contends that "[t]here are no legal entities named 'OMERS' or 'OMERS Private Equity,'" but acknowledges that "OMERS Bluejay Holdings, Inc." was served a copy of the summons and complaint. Defendants' Reply in Support of Motion to Dismiss, ECF No. 31, PageID.488 n.1. OMERS clarifies that it brings its motion to dismiss on behalf of "the named OMERS Defendants, as well as OMERS Bluejay Holdings, Inc." *Id.*

Defendants' motion to dismiss (ECF No. 25) is **GRANTED**. OMERS Defendants' motion to stay discovery (ECF No. 36) is **DISMISSED as moot**.

## I.   BACKGROUND

In September 2017, Defendant CareHere Management, PLLC ("CareHere") hired Campos as the Director of Clinical Services.[2] Defendants' Answer to Plaintiff's Amended Complaint, ECF No. 22, PageID.407. In April 2021, Campos informed her supervisors that she was pregnant. Plaintiff's Amended Complaint, ECF No. 17, PageID.357. In August 2021, Campos applied to be considered for a new job position. Campos contends that she was qualified for the position, but alleges that her supervisors refused to consider her candidacy because she was pregnant. *Id.* at PageID.360. Campos resigned from her Director of Clinical Services position on September 6, 2021. *Id.* at PageID.361.

On September 23, 2021, Campos filed suit solely against Defendant Premise Health in the Macomb County Circuit Court. Notice of Removal, ECF No. 1, PageID.3. Shortly after removing the case to this Court, Premise Health filed a motion to dismiss stylized as "Defendant CareHere Management, PLLC's Motion to Dismiss." ECF No. 3. In its

---

[2] As noted in this Order, there is some question as to which of the Defendant entities was actually Plaintiff's employer. Because Defendant CareHere Management, PLLC admits to being Plaintiff's employer, for ease of understanding and consistency, the Court relies on that admission here.

motion, Premise Health clarified that it was raising the motion in CareHere's name because "Premise Health is not even an actual legal entity" and Premise Health did not employ Plaintiff. *Id.* at PageID.30 n.1.

On June 8, 2022, this Court denied Premise Health/CareHere's motion to dismiss. ECF No. 15. The Court also permitted Campos to amend her complaint to identify additional Defendants. ECF No. 16. In her amended complaint, Campos named "OMERS" and "OMERS Private Equity" as Defendants (collectively, "OMERS"). Campos also named "Premise Health Enterprise Solutions," "Premise Health Holding Corporation," "CareHere," "CareHere LLC," "CareHere Management, PLLC," and "CareHere a Premise Health Company" (collectively, "CareHere") as Defendants.[3] ECF No. 17.

According to the amended complaint, OMERS "acquired" CareHere in September 2020, at which point Campos became an "employee" of OMERS. *Id.* at PageID.357. Campos further notes that OMERS acquired Premise Health in July 2018. Plaintiff's Opposition to Motion to Dismiss, ECF No. 29, PageID.460–61.

---

[3] In their answer to Campos's amended complaint, CareHere Defendants contend that "CareHere," "CareHere A Premise Health Company," "Premise Health," and "Premise Health Enterprise" are not legal entities with capacity to be sued. ECF No. 22, PageID.404. Nevertheless, the Court will refer to "Premise Health" and "CareHere" to describe organizations that are legally distinct from "OMERS."

In moving to dismiss Campos's complaint for lack of personal jurisdiction, OMERS argues that it has not had sufficient contacts with the state of Michigan because it "transacts no business in Michigan, nor did it employ [Campos]." OMERS Defendants' Motion to Dismiss, ECF No. 25, PageID.436. Campos concedes that the Court lacks general personal jurisdiction over the OMERS Defendants, but maintains that the Court can exercise limited personal jurisdiction over OMERS. ECF No. 29, PageID.462.

More recently, on March 6, 2023, OMERS filed a motion to stay discovery pending resolution of the motion to dismiss. ECF No. 36. On April 10, 2023, the Court entered a Stipulated Order staying the case pending resolution of the motion to dismiss. ECF No. 40. Accordingly, OMERS's motion to stay must be dismissed as moot. The Court now addresses OMERS's motion to dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a plaintiff's complaint for lack of personal jurisdiction. In general, "[a] federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).

The plaintiff bears the burden of establishing personal jurisdiction. *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). "Where, as here, the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,'" requiring only a "prima facie" showing of personal jurisdiction. *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)).

## III.   DISCUSSION

### A. Requirements for Limited Personal Jurisdiction Under Michigan Law

Michigan's long-arm statute governing limited personal jurisdiction permits a court to exercise jurisdiction over a corporation where the corporation has engaged in the following conduct:

> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

M.C.L. § 600.715(1)–(5). Campos rests her argument on the "transaction of any business within the state" ground as the only plausible basis for

the Court to exercise limited personal jurisdiction over OMERS. *See* ECF No. 29, PageID.462.

Michigan courts have interpreted that the Michigan "Legislature's use of the word 'any'" means that "even the slightest [business] transaction is sufficient to bring a corporation within Michigan's long-arm jurisdiction." *Electrolines, Inc. v. Prudential Assurance Co., Ltd.*, 677 N.W.2d 874, 887–88 (Mich. Ct. App. 2003).

But even if the defendant's conduct falls under the broad category of "any business" as required under the Michigan statute, a federal court's exercise of personal jurisdiction must still comport with the Due Process clause of the Fourteenth Amendment. The "constitutional touchstone" of due process requires demonstrating that "the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Minimum contacts must meet a "three-part test" to satisfy due process:

> First, the defendant must have purposefully availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws. Second, the cause of action must arise from the defendant's activities in the state. Third, the defendant's activities must be so substantially connected with Michigan to make the exercise of jurisdiction over the defendant reasonable.

*Mozdy v. Lopez*, 494 N.W.2d 866, 868 (Mich. Ct. App. 1992).

## B. Whether OMERS Has Transacted "Any Business" in Michigan

Campos claims that OMERS's conduct satisfies the low threshold for "any business" under MCL § 600.715(1) by acquiring and "partner[ing]" with Premise Health/CareHere to operate a "worksite healthcare space" in Michigan. ECF No. 29, PageID.463. Meanwhile, OMERS contends that it "transacts no business in Michigan, nor did it employ" Campos. ECF No. 25, PageID.436. Moreover, Campos does not dispute OMERS's assertions that it "is not registered as a foreign corporation in Michigan and does not have a registered agent in Michigan." *Id.*

Neither party identifies any cases that address whether similar circumstances to those of OMERS's partnership with or purchase of Premise Health/CareHere constitute "any business" under the Michigan statute. But given that Michigan courts liberally construe the terms "any business," the Court will assume that "partnering" with another corporation operating a healthcare organization in Michigan would qualify as business that falls under the reach of the long-arm statute. *See Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988) ("Thus, if defendant conducted even the slightest act of business in Michigan, the first statutory criterion for personal jurisdiction under section 600.715(1) is satisfied."). Even so, the Court can only exercise personal jurisdiction over OMERS if doing so comports with the standards of due process.

## C. Whether Exercising Personal Jurisdiction over OMERS Comports with Fourteenth Amendment Due Process

Campos must demonstrate that the Court's exercise of personal jurisdiction over OMERS comports with the Due Process clause of the Fourteenth Amendment under the "minimum contacts" test. As stated above, that three-part minimum contacts test requires a showing that (1) the defendant purposefully availed itself of the privilege of conducting activities in Michigan; (2) the cause of action arose from the defendant's activities in the state; and (3) the defendant's activities were so substantially connected with Michigan as to make the exercise of jurisdiction over the defendant reasonable. But the evidence Campos offers of OMERS's contacts in Michigan is rather sparse.

First, the "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp.*, 471 U.S. at 475 (citations omitted). Here, the record includes a declaration from OMERS Bluejay Holdings, Inc.'s Assistant Secretary Andrew Peel, who attests that OMERS does not maintain any offices in Michigan, does not own property in Michigan, is not registered as a foreign corporation in Michigan, does not have a registered agent in Michigan, and has no employees in Michigan. Peel Decl. (Oct. 6, 2022), ECF No. 25, PageID.448.

8

In response, Campos points to two facts to support her claim of OMERS's purposeful availment: (1) OMERS's "partnership" with Premise Health/CareHere, which are entities doing business in Michigan; and (2) Campos's purported status as an OMERS employee after OMERS acquired Premise Health/CareHere. Campos repeatedly uses the term "partnership" to suggest that OMERS is deeply involved with business operations in Michigan. But the problem with Campos's position is caselaw holding that "unless the plaintiff clearly shows otherwise, the Court will presume that companies holding themselves out as parent and subsidiary are in fact separate entities." *Lafarge Corp. v. Altech Env't, U.S.A.*, 220 F. Supp. 2d 823, 827 (E.D. Mich. 2002).

Indeed, "Michigan courts will not disregard the separate corporate existence of a subsidiary unless it is 'a mere instrumentality' of the parent corporation," and where treating the two entities separately would result in injustice or undermine public policy. *United Ins. Grp. Agency, Inc. v. Patterson*, No. 299631, 2011 WL 5067251, at *2 (Mich. Ct. App. Oct. 25, 2011) (quoting *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995)). Campos has made no such showing here, and OMERS's individual conduct does not rise to the level of purposeful availment. *See Est. of Thomson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 363 (6th Cir. 2008) (affirming the district court's conclusion that it could not exercise personal jurisdiction over a

parent company where the only evidence supporting the plaintiff's alter-ego theory was that the parent company owned the subsidiary).

And Campos's second ground, that OMERS was her "employer" is equally weak. Campos points to no record evidence demonstrating that she has an employment relationship with OMERS. In contrast, Peel's sworn declaration states that OMERS "does not currently, nor did it ever employ Ms. Campos." ECF No. 25, PageID.449. Because OMERS has "properly documented factual assertions," Campos cannot merely rely on her pleadings to rebut this contention. *Magna Powertrain De Mexico S.A. De C.V. v. Momentive Performance Materials USA LLC*, 192 F. Supp. 3d 824, 827 (E.D. Mich. 2016). But none of the exhibits submitted by Campos refute OMERS's contention that it never employed her. Consequently, the Court cannot accept Campos's bald assertion that she was an OMERS employee.

Having determined that OMERS has not purposefully availed itself of the privilege of conducting business in the forum state, the Court cannot exercise limited personal jurisdiction over it. And for similar reasons, Campos has failed to demonstrate that her claim arises from *OMERS's* conduct in Michigan and that exercising jurisdiction over *OMERS* is reasonable under the circumstances. In opposing OMERS's motion to dismiss, Campos merely cites examples of discriminatory conduct by *Premise Health* employees. ECF No. 29, PageID.465–66. But as discussed, Campos cannot demonstrate that OMERS has engaged in

minimum contacts with the forum state by improperly conflating OMERS's activities with that of a legally distinct subsidiary. Because Campos's evidence of OMERS's minimum contacts with the forum is insufficient, she fails to meet her burden of showing that the Court may exercise limited personal jurisdiction over OMERS. OMERS's motion to dismiss must therefore be granted.

## IV.   CONCLUSION

For the foregoing reasons, the motion to dismiss under Rule 12(b)(2) (ECF No. 25) by the OMERS Defendants is **GRANTED**. OMERS Defendants' motion to stay discovery (ECF No. 36) is **DISMISSED as moot**.

**IT IS SO ORDERED.**

Dated: April 10, 2023        s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

11